IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ANGELO ROSARIO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:18-CV-221-Z-BR |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER
DISMISSING CIVIL RIGHTS COMPLAINT**

Before the Court is Plaintiff's civil rights complaint brought pursuant to 42 U.S.C. § 1983 against the above-referenced Defendants (ECF No. 3) ("Complaint"), filed November 26, 2018. Plaintiff filed suit *pro se* while a prisoner incarcerated in the Texas Department of Criminal Justice ("TDCJ"), Correctional Institutions Division. Plaintiff was granted permission to proceed *in forma pauperis*. On May 9, 2019, Plaintiff filed an Amended Complaint (ECF No. 21). For the reasons discussed herein, the Court **DISMISSES** Plaintiff's Amended Complaint **WITH PREJUDICE**.

**FACTUAL BACKGROUND**

In his Complaint, Plaintiff makes general allegations that since 1977, TDCJ has favored certain religious faiths over others. *Id.* at 4. Plaintiff lists one incident — apparently in 2013 — where he alleges the denial of medical attention. Plaintiff, however, does not identify a particular defendant or the circumstances of his allegation. *Id.* In his Complaint, Plaintiff requests certain injunctive relief to "rectify" poor conditions in TDCJ in general. In short, the Complaint does not state a claim identifying a constitutional right violated by any particular person.

The Court allowed Plaintiff to file an Amended Complaint to clarify his claims. *See* ECF No. 21. The Amended Complaint focuses on constitutional deprivations of *other* specific inmates, with no reference to Plaintiff's own injuries. *Id.* at 1–3.

**LEGAL STANDARD**

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the Court may evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous,[1] malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A, 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. § 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).[2]

**ANALYSIS**

A plaintiff must suffer a personal constitutional violation at the hands of the defendants to have standing and redressability under Section 1983. *See Grandstaff v. City of Borger*, 767 F.2d 161, 172 (5th Cir. 1987); *Coon v. Ledbetter*, 780 F.2d 1158, 1160 (5th Cir. 1986). Here, Plaintiff has failed to articulate any claims specific to him during his incarceration. Plaintiff has thus failed

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993).
[2] *Green vs. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire."). Dismissals may also be based on adequately identified or authenticated records. *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995).

to state a claim upon which relief can be granted. The Court therefore **DISMISSES** Plaintiff's Amended Complaint is **DISMISSED**.

CONCLUSION

For the reasons set forth above and pursuant to 28 U.S.C. §§ 1915A, 1915(e)(2) and 42 U.S.C. § 1997e(a), the Court **ORDERS** the Amended Complaint by Plaintiff filed pursuant to 42 U.S.C. § 1983 be **DISMISSED WITH PREJUDICE** as frivolous.

**SO ORDERED**.

February 16, 2022

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE